UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| **CALVIN BILLY BORDEN,** | ) |
| | ) |
| **Claimant,** | ) |
| | ) |
| vs. | ) Case No. CV-12-S-0643-NW |
| | ) |
| **MICHAEL J. ASTRUE, Commissioner, Social Security Administration,** | ) ) ) |
| | ) |
| **Defendant.** | ) |

**MEMORANDUM OPINION AND ORDER**

Claimant Calvin Billy Borden commenced this action on February 24, 2012, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying his claim for a period of disability, disability insurance, and supplemental security income benefits. For the reasons stated herein, the court finds that the Commissioner's ruling is due to be affirmed.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253

(11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards. Specifically, claimant contends that the Appeals Council should have reversed the ALJ's decision after receiving additional evidence from Dr. James Crowder, a consultative psychological examiner.

> When a claimant submits new evidence to the AC [*i.e.,* Appeals Council], the district court must consider the entire record, including the evidence submitted to the AC, to determine whether the denial of benefits was erroneous. *Ingram*[*v. Commissioner of Social Security Administration*], 496 F.3d [1253,] 1262 [(11th Cir. 2007)]. Remand is appropriate when a district court fails to consider the record as a whole, including evidence submitted for the first time to the AC, in determining whether the Commissioner's final decision is supported by substantial evidence. *Id.* at 1266-67. The new evidence must relate back to the time period on or before the date of the ALJ's decision. 20 C.F.R. § 404.970(b).

*Smith v. Astrue,* 272 F. App'x 789, 802 (11th Cir. 2008).

Dr. Crowder examined claimant on March 16, 2010.[1] The report of that examination was submitted to the Appeals Council on April 7, 2010, approximately two months after the ALJ's February 11, 2010 administrative decision.[2] The Appeals Council considered Dr. Crowder's report, but it found no reason to reverse the ALJ's decision. Consequently, the Appeals Council denied claimant's request for review

---

[1] Tr. 313-16.

[2] *See* Tr. 7 (indicating that additional evidence was submitted on April 7, 2010), 13 (stating the date of the ALJ's decision).

2

on December 27, 2011.[3]

Dr. Crowder's report stated that claimant had never been treated by a mental health specialist in the past, and he had never taken any psychoactive medication. Claimant was able to perform routine hygiene and grooming activities independently, including preparing meals, although he has help with housework. He had a valid driver's license, but he had not driven in about six months because his foot was numb and his knees and legs hurt. He could buy groceries when a neighbor accompanied him to the store. Claimant possessed

> basic communication and social skills that allow him to interact with others so that his own needs can be met. Friends sometimes comes [sic] by and they talk and drink coffee. A neighbor takes him to church. He sees his daughter about every week; she comes to the mobile home or he will call her on the telephone.[4]

Claimant was friendly and well-oriented as to person, place, and time. There was no indication of a high level of anxiety, but claimant did appear depressed over his finances and his physical condition. Claimant's thought processes were coherent, with no flight of ideas, loose associations, delusions, or hallucinations. Dr. Crowder also administered achievement and intelligence testing. The achievement test revealed that claimant was functioning in the marginal range. The intelligence testing revealed a verbal IQ of 68, performance IQ of 70, and full-scale IQ of 66, which Dr.

---

[3] Tr. 1.
[4] Tr. 314.

Crowder believed to be valid. He noted that claimant had a history of semiskilled work in the medium to heavy category of physical demands, and that he would have transferable skills to other driving-operating occupations, as long as there were no additional physical limitations. Dr. Crowder assessed claimant with "mild mental retardation to borderline general intellectual ability," and a GAF score of 65.[5] He also stated that claimant would have the judgment to manage any financial benefits awarded to him.[6]

Claimant asserts that Dr. Crowder's report should have caused the Appeals Council to reverse the ALJ's decision because the report demonstrates that he satisfies the requirements of Listing 12.05C, addressing mental retardation, which states as follows:

> *Mental Retardation.* Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; *i.e.,* the evidence demonstrates or supports onset of the impairment before age 22.
>
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
>
> . . . .
>
> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional

---

[5] Tr. 315.
[6] Tr. 316.

and significant work-related limitation of function[. . . .]

20 C.F.R. pt. 404, subpt. P, appx. 1, § 12.05 (listings) (all italics in original).

The Commissioner does not dispute (nor could he) that claimant has IQ scores between 60 and 70 and a physical impairment imposing an additional and significant work-related limitation of function.  Indeed, the ALJ found claimant to be limited to the full range of sedentary work due to the severe limitations of degenerative disc disease of the lumbar spine with congenital narrowing at the AP dimension, and obesity.[7]  Even so, the Commissioner argues that claimant has failed to demonstrate deficits in adaptive functioning initially manifested prior to age 22.

The Eleventh Circuit held in *Hodges v. Barnhart,* 276 F.3d 1265 (11th Cir. 2001), that, "absent evidence of sudden trauma that can cause retardation, the IQ tests [revealing a score lower than 70] create a rebuttable presumption of a fairly constant IQ throughout [the claimant's] life." *Id.* at 1268.  Therefore, "a claimant need not present evidence that she manifested deficits in adaptive functioning prior to the age of twenty-two, when she presented evidence of low IQ test results after the age of twenty-two." *Id.* at 1266.  Even so, the court (or the Commissioner during an administrative proceeding) may consider "evidence of [claimant's] daily life to rebut this presumption of mental impairment." *Id.* at 1269 (alteration supplied).

Based upon the *Hodges* decision, this court must presume that claimant's IQ

---

[7] Tr. 18-19.

has remained the same over time, and that claimant therefore has experienced mental impairment at the same level since before age 22. The Commissioner, however, has presented evidence to rebut that presumption. Although claimant did not complete high school, there are no records indicating that he was enrolled in special education classes.[8] Claimant also worked for almost thirty years in semi-skilled positions, indicating that he did not have significant impairment of adaptive functioning.[9] *See Outlaw v. Barnhart,* 197 F. App'x 825, 827 (11th Cir. 2006) (stating that the claimant's "long work history in semi-skilled positions and daily activities were inconsistent with his adult IQ scores," which were below 70); *Humphries v. Barnhart*, 183 F. App'x 887, 889 (11th Cir. 2006) (holding that substantial evidence supported the ALJ's finding that the claimant did not have deficits in adaptive functioning when she worked in a school cafeteria for 21 years and served as the manager for about 15 years). Moreover, claimant's daily activities indicate a higher level of adaptive functioning than would be expected from a mentally retarded individual. Claimant testified during the administrative hearing that he lives by himself, is able to drive, visits with friends, goes out to eat, attends church twice a week, and spends most of his spare time reading his Bible.[10] He also indicated on his Function Report that he

---

[8] Tr. 39, 122.
[9] Tr. 40-41, 118, 129-30, 152, 313.
[10] Tr. 44-45.

had no problem with personal care, prepared his own meals, did household chores like cleaning and laundry without help, went outside daily, and shopped for groceries. While he could not handle a savings account or use a checkbook due to limited reading and writing skills, he could pay bills and count change.[11] Dr. Crowder's report corroborates that claimant can take care of his personal hygiene and prepare meals, and that he possesses "basic communication and social skills that allow him to interact with others so that his own needs can be met."[12] Dr. Crowder even acknowledged that, despite claimant's low IQ test scores, he possessed skills that would be transferable to other work if not precluded by physical limitations.[13] Dr. Crowder assessed claimant with an GAF score of 65, indicating only moderate impairment. All of those facts are inconsistent with a finding of mental retardation. *See Garrett v. Astrue*, 244 F. App'x 937, 939 (11th Cir. 2007) (holding that the claimant's ability to cook simple meals, perform household chores, build model cars, attend church, watch television, play cards, and walk in the mall were inconsistent with a finding of significant impairment of adaptive functioning).

Based on the foregoing, even considering Dr. Crowder's report, there is not sufficient evidence in the record to support satisfaction of the mental retardation

---

[11] Tr. 140-43.
[12] Tr. 314.
[13] Tr. 315.

listing. Therefore, the Commissioner's finding that claimant is not disabled is supported by substantial evidence and in accordance with applicable law. The decision of the Commissioner is AFFIRMED. Costs are taxed against claimant. The Clerk of Court is directed to close this file.

    DONE this 12th day of December, 2012.

                                                       /s/ Lynwood Smith
                                                      United States District Judge